**Eric Sison DE LEON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75015.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Eric Sison De Leon, Lancaster, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Esq., Jennifer Levings, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Eric Sison De Leon, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its prior order affirming an immigration judge's ("IJ") order denying his motion to reopen removal proceedings conducted in absentia. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and we dismiss the petition for review in part and deny it in part.

To the extent De Leon challenges the BIA's July 27, 2004 summary affirmance of the IJ's decision denying De Leon's motion to reopen, we lack jurisdiction because De Leon's petition for review is not timely as to that decision. *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review must be filed not later than 30 days after the final order of removal); *Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996) (providing that the filing of a motion to reconsider does not toll the period for filing a petition for review).

The BIA did not abuse its discretion in denying De Leon's motion to reconsider because De Leon failed to identify any error of law or fact in the IJ's previous decision. *See* 8 C.F.R. § 1003.2(b)(1) (formerly 8 C.F.R. § 3.2); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc) (noting that the purpose of a motion to reconsider is not to present new evidence but to demonstrate that the IJ or BIA erred as a matter of law or fact).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.